Patricia Gegner,	Case No. 18-cv-3364 (PJS/TNL)

        Plaintiff,

**PROTECTIVE ORDER**

v.

Admiral Merchants Motor Freight, Inc.,

        Defendant.

      This matter is before the Court on the parties' Stipulation for Protective Order. (ECF No. 13). Based on the stipulation of the parties, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 26(c), confidential information shall be disclosed in the designated ways:

1.   **Definitions.** As used in this Protective Order:

    (a)   "attorney" means an attorney who has appeared in this action;

    (b)   "confidential material" means information, documents, testimony, and other discovery from any party or third party designated pursuant to paragraph 2 of this Protective Order;

    (c)   to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "party" or "parties" means one or more party to this action;

(g) "protected document" means a document protected by a privilege or the work-product doctrine; and

(h) "Written Assurance" means an executed document in the form attached as Exhibit A to this Protective Order.

2. **Designating Confidential Material**.

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive

confidential material, including those who have signed a Written Assurance.

3. **Who May Receive a Confidential Document**.

(a) All confidential material shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of confidential material to any person other than those specified in this paragraph. Any other use is prohibited.

(b) No person receiving a confidential material may reveal it, except to:

(1) the court and its staff;

(2) the parties' attorney or their attorney's partners, associates, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party (subject to paragraph 3(c)) and its corporate and/or in-house counsel;

(6) persons who give testimony or are expected to give testimony in this action (subject to paragraph 3(d)); and

(7) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to provide

assistance as mock jurors or focus group members or the like, or to furnish technical or expert services and/or to give testimony in this action.

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case the confidential material so designated may not be revealed to anyone except the parties' attorneys or their attorneys' partners, associates, or staff and the court and its staff (as required).

(d) Each person appropriately designated pursuant to paragraph 3(b)(6) and (7) who receives confidential material shall execute a "Written Assurance" in the form attached as Exhibit A as a condition of receiving such material. However, in the event that a witness refuses to sign a Written Assurance, a party's attorney may disclose confidential material to that witness during his/her deposition, but must designate any testimony from that witness that refers or relates to such confidential material as "confidential."

4. **Serving This Protective Order on a Non-Party**. Third parties producing information and documents in the course of this action may also designate information and documents as confidential, subject to the same protections and constraints as any party to the action.

(a) A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order entered by the Court and of Local Rule 5.6.

4

(b) All information and documents produced by such third parties shall be treated as confidential for a period of 14 days from the date of production by the third party, and during that period, any party may designate information and documents produced by the third party as confidential pursuant to the terms of this Protective Order.

5. **Notice Required Before Disclosure to Certain Individuals**. A party seeking to disclose any confidential material to any person who is known to be an employee or agent of, or consultant to, any competitor of the party who designated the confidential material must give the party asserting the designation at least 14 days' notice prior to the disclosure. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient for the party asserting the designation to determine whether an objection is necessary. Any objection to such disclosure must be made in writing within 14 days after receipt of notice, and in the case of such objection, the party intending to make the disclosure shall refrain from doing so until the party seeking to make the disclosure obtains consent of the designating party or obtains an Order from the court.

6. **Correcting an Error in Designation**. A party or non-party who discloses or produces a confidential document not designated as confidential material may provide written notice of the error and produce appropriately-designated documents or information. Any party receiving such improperly-designated confidential material shall retrieve such information or documents from persons

not entitled to receive such confidential material and, upon receipt of the substitute documents, return or destroy the improperly-designated information or documents.

7. **Use of Confidential Materials in Court**.

    (a) Filing. This protective order does not authorize the filing of any document under seal. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

    (b) Presentation at a hearing or trial. A party intending to present another party's confidential material at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

8.  **Changing the Designation of Confidential Material**.

    (a) Subject to paragraph 7, confidential material disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) Subject to paragraph 7, confidential material produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9.  **Handling Confidential Material after Termination of Litigation.** Within 60 days of the termination of this action, including any appeals, the parties shall either destroy or return to the opposing party all information and documents designated by the opposing party as confidential and all copies thereof, and shall destroy all extracts and/or data taken from such confidential material. Attorneys, however, may retain a copy of documents designated as confidential for a period consistent with their document retention policy. At the conclusion that period, all

hard copies of confidential materials shall be destroyed, and on request, the law firm shall provide a certification of such destruction. Counsel may retain his or her work product that reflects or contains confidential material, provided that such confidential material is not disclosed unless the disclosure is made pursuant to agreement of the party designating them as confidential or is authorized by court order.

10. **Disclosure or Production of Protected Documents**.

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

11. **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.

13. **Prior Orders. All prior consistent orders remain in full force and effect.**

14. **Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: March 4, 2019  	*s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　United States Magistrate Judge

　　　　　　　　　　　　　　　　　*Gegner v. Admiral Merchants Motor Freight, Inc.*
　　　　　　　　　　　　　　　　　Case No. 18-cv-3364 (PJS/TNL)

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ , county _____ , state of _____ ;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 0:18-cv-03364-PJS-TNL, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any material designated confidential obtained pursuant to such Protective Order, or the contents of such material, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any confidential material in my possession, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such material.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  _____
               (Date)                                           (Signature)

# EXHIBIT B
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |